UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF ONE DIGITAL DEVICE CURRENTLY LOCATED AT 601 4TH STREET NW, WASHINGTON, DC UNDER RULE 41 | SW No. 24-sw-091<br><br>**Filed Under Seal** |

### APPLICATION TO SEAL SEARCH WARRANT, AFFIDAVIT IN SUPPORT, AND MEMORANDUM IN SUPPORT THEREOF

The United States of America, by and through its undersigned counsel, respectfully submits under seal this ex parte application for an Order placing the above-captioned search warrant, the affidavit in support thereof, the memorandum in support thereof, and all attachments thereto and other related materials such as this application and order (collectively, the "Warrant") under seal until further order of the Court.

### LEGAL BACKGROUND FOR SEALING

1. The Court has the inherent power to seal court filings when appropriate, including the Warrant. *See United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). *See also In re Sealed Affidavit(s) to Search Warrants*, 600 F.2d 1256, 1257 (9th Cir. 1979) (finding that the court has inherent power to seal search warrant affidavits). Such sealing is within the discretion of the District Court. See Nixon, 435 U.S. at 598 (common-law right to inspect and copy judicial records is not absolute, but the decision whether to permit access is best left to the sound discretion of the trial court in the light of the relevant facts and circumstances of the particular case).

2. More particularly, the Court may seal the Warrant and related filings to prevent serious jeopardy to an ongoing criminal investigation when, as in the present case, such jeopardy

1

creates a compelling governmental interest in preserving the confidentiality of the Warrant. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).

3. Courts have traditionally been "highly deferential to the government's determination that a given investigation requires secrecy and that warrant materials be kept under seal." *Times Mirror Co. v. United States*, 873 F.2d 1210, 1214 (9th Cir. 1989). Therefore, courts have routinely granted government requests to seal warrant materials where there is a need for secrecy. *Id.*; *see also id.* at 1215, 1219 n.13 (sealed search warrant materials have been treated as the functional equivalent of grand jury materials in their shared need for secrecy.). While courts may disagree whether there even exists a qualified right under the common law or the First Amendment to access to sealed search warrant materials,[1] courts are in general agreement that a movant is not entitled to access to sealed search warrant materials if disclosure would compromise an ongoing investigation or endanger witnesses. *See id.* at 1212-1221 ("warrant proceedings and materials should not be accessible to the public, at least while a pre-indictment investigation is still ongoing"); *Baltimore Sun Co.*, 886 F.2d at 64 ("the need for sealing affidavits may remain after execution and in some cases even indictment"); *In re Search Warrants for National Builder Corp.*, 833 F. Supp 644, 645-646 (N.D. Ohio 1993) (grand jury target was not entitled to the unsealing of a search warrant affidavit if it would compromise an ongoing investigation).

---

[1] *See, e.g.*, *Times Mirror Co.*, 873 F.2d at 1212-1221 (no right of access to sealed search warrant materials exists under the First Amendment, the common law, or Fed. R. Crim. P. 41(g)); *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989) (no First Amendment right of access, but qualified common law right of access); *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988) (qualified First Amendment right of access).

2

## **REQUEST FOR SEALING**

4. Such an Order is appropriate because the Warrant relates to an ongoing criminal investigation. Although the defendant has been arrested and is now represented by counsel, disclosing the existence and scope of this application would give the defendant the opportunity to delete or encrypt digital evidence relating to her criminal activity. As set forth in the search warrant affidavit, the defendant has previously acknowledged deleting social media posts in the aftermath of January 6, 2021. The search might also produce evidence against uncharged individuals who could be tipped off by the additional search. Although the device is now in the possession of the government, the defendant could still delete or encrypt information that exists on the cloud and is not saved to the device itself. Such tampering would prejudice a criminal investigation, creating a compelling governmental interest in preserving the confidentiality of this proceeding until the warrant is executed. This criminal investigation is still ongoing as the government has not yet filed an information or obtained an indictment.

5. Based on the foregoing, there are reasonable grounds to believe that disclosure of the Warrant and the details in the search warrant affidavit would result in flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, or other serious jeopardy to this investigation. *Cf.* 18 U.S.C. § 2705(b)(2)-(5). In short, because of such potential jeopardy to the investigation, there exists a compelling governmental interest in confidentiality to justify the sealing the Warrant, this application, and this Order. *See Robinson*, 935 F.2d at 287-89.

6. ACCORDINGLY, the government respectfully requests that the above-captioned warrant, the affidavit in support thereof, the memorandum in support thereof, and all attachments

3

thereto and other related materials (including this application) be placed under seal until further order of this Court.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

*/s/ Jake E. Struebing*
JAKE E. STRUEBING
Assistant United States Attorney
U.S. Attorney's Office for the
District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-6931
Email: Jake.Struebing@usdoj.gov

4