AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of Columbia

In the Matter of the Search of  )
*(Briefly describe the property to be searched or identify the person by name and address)*  )
ONE DIGITAL DEVICE CURRENTLY  )  Case No. 24-SW-091
LOCATED AT 601 4TH STREET NW,  )
WASHINGTON, DC UNDER RULE 41  )

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A (incorporated by reference)

Located within the jurisdiction of the District of Columbia, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B (incorporated by reference)

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 641, 2 | (theft of government property and aiding and abetting theft of government property), |
| 18 U.S.C. § 1752(a)(1) | (entering or remaining in restricted buildings or grounds), |
| 18 U.S.C. § 1752(a)(2) | (disorderly and disruptive conduct in a restricted building or grounds), |
| 40 U.S.C. § 5104(e)(2)(D) | (disorderly or disruptive conduct in the Capitol Buildings), |
| 40 U.S.C. § 5104(e)(2)(G) | (parading, demonstrating, or picketing in a Capitol Building). |

The application is based on these facts:
See Affidavit in Support of Application for Search Warrant.
☐ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
Telephone _____ *(specify reliable electronic means)*.

Date: 3/21/2024  _____
Judge's signature

City and state: Washington, D.C.  G. Michael Harvey
(United States Magistrate Judge)

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means  ☑ Original  ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>ONE DIGITAL DEVICE CURRENTLY<br>LOCATED AT 601 4TH STREET NW,<br>WASHINGTON, DC UNDER RULE 41 | ) ) ) ) ) ) ) Case No. 24-SW-091 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:  Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located within the jurisdiction of the District of Columbia.
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A (incorporated by reference).

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B (incorporated by reference).

**YOU ARE COMMANDED** to execute this warrant on or before ___April 03, 2024___ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ___G. Michael Harvey___.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ___ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: ___3/21/2024___   _____
                                         *Judge's signature*

City and state: ___Washington, D.C.___   ___G. Michael Harvey___
                                          United States Magistrate Judge

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>24-SW-091 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |
| **Certification** | | |

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

*Executing officer's signature*

*Printed name and title*

# ATTACHMENT A

*Property to be searched*

The property to be searched is an Apple iPhone 14 Plus in a pink case with the phone number ▮▮▮▮▮5223.

## ATTACHMENT B

*Property to be seized*

1. The items to be seized are fruits, evidence, information, contraband, or instrumentalities, in whatever form and however stored, relating to violations of 18 U.S.C. §§ 641, 2 (theft of government property and aiding and abetting theft of government property), 18 U.S.C. § 1752(a)(1) (entering or remaining in restricted buildings or grounds), 18 U.S.C. § 1752(a)(2) (disorderly and disruptive conduct in a restricted building or grounds), 40 U.S.C. § 5104(e)(2)(D) (disorderly or disruptive conduct in the Capitol Buildings) and 40 U.S.C. § 5104(e)(2)(G) (parading, demonstrating, or picketing in a Capitol Building) (the "TARGET OFFENSES") (the "TARGET OFFENSES") that have been committed by ISABELLA MARIA DELUCA ("the Subject") and other identified and unidentified persons, as described in the search warrant affidavit, including, but not limited to;

    a. Evidence of the TARGET OFFENSES, including but not limited to: call logs, emails, text messages, direct messages, voice mail messages, social media posts, communications, photographs, videos, and other writings from November 3, 2020 to March 31, 2021;

    b. Evidence of any conspiracy, planning, or preparation to commit those offenses;

    c. Evidence of where DELUCA committed the TARGET OFFENSES, traveled to before and after the commission of the TARGET OFFENSES, and in preparation for the TARGER OFFENSES;

    d. Evidence concerning efforts after the fact to conceal or delete evidence of those offenses, or to flee prosecution for the same;

    e. Evidence concerning materials, devices, or tools that were used to unlawfully commit the TARGET OFFENSES;

    f. Photographs or video that would constitute evidence of a violation of the TARGET OFFENSES;

    g. Evidence of communication devices used in relation to the TARGET OFFENSES;

h.  Evidence of the state of mind of the subject and/or other co-conspirators, *e.g.*, intent, absence of mistake, or evidence indicating preparation or planning, or knowledge and experience, related to the criminal activity under investigation;

i.  Evidence concerning the identity of persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation; or (ii) communicated with the unlawful actors about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts.

j.  Evidence concerning planning to unlawfully enter the U.S. Capitol, including any maps or diagrams of the building or its internal offices;

k.  Evidence concerning unlawful entry into the U.S. Capitol, including any property of the U.S. Capitol;

l.  Evidence concerning the official proceeding that was to take place at Congress on January 6, 2021, i.e., the certification process of the 2020 Presidential Election;

m.  Evidence concerning efforts to obstruct, impede, or disrupt the official proceeding that was to take place at Congress on January 6, 2021, i.e., the certification process of the 2020 Presidential Election;

n.  Evidence concerning the breach and unlawful entry of the United States Capitol on January 6, 2021;

o.  Evidence concerning the riot and/or civil disorder at the United States Capitol on January 6, 2021;

p.  Evidence concerning the assaults of federal officers/agents and efforts to impede such federal officers/agents in the performance of their duties the United States Capitol on January 6, 2021;

q.  Evidence concerning damage to, or theft of, property at the United States Capitol on January 6, 2021;

r.  Evidence concerning awareness that the U.S. Capitol was closed to the public on January 6, 2021;

s.  Evidence of DELUCA's presence at the U.S. Capitol on or around January 6, 2021;

t.  Evidence concerning the results of, challenges to, or questions about the legitimacy of the 2020 Presidential Election;

u.  Evidence reflecting communications between DELUCA and other individuals, discussing the commission of one or more of the TARGET OFFENSES.

v. Evidence reflecting the ownership and use of the item identified in Attachment A by DELUCA committing the TARGET OFFENSES;

w. Evidence of who used, owned, or controlled the Device(s) at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, chat, instant messaging logs, photographs, and correspondence;

x. Evidence of software, or the lack thereof, that would allow others to control the Device(s), such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

y. Evidence of the attachment to the Device(s) of other storage devices or similar containers for electronic evidence;

z. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Device(s);

aa. Evidence of the times the Device(s) was used;

bb. Passwords, encryption keys, and other access devices that may be necessary to access the Device(s);

cc. Documentation and manuals that may be necessary to access the Device(s) or to conduct a forensic examination of the Device(s);

dd. Records of or information about Internet Protocol addresses used by the Device(s);

ee. Records of or information about the Device(s)'s Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: ONE DIGITAL DEVICE CURRENTLY LOCATED AT 601 4TH STREET NW, WASHINGTON, DC UNDER RULE 41 | SW No. 24-SW-091<br><br>UNDER SEAL |

### AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH

I, ███████████████, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the digital device described in Attachment A (the "TARGET DEVICE"), which is currently in the possession of the Federal Bureau of Investigation ("FBI"), for the things described in Attachment B.

2. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, that statement is described in substance and is not intended to be a verbatim recitation of such statement. Wherever in this affidavit I quote statements, those quotations have been taken from draft transcripts, which are subject to further revision.

3. Unless otherwise stated, the conclusions and beliefs I express in this affidavit are based on my training, experience, and knowledge of the investigation, and reasonable inferences I have drawn from my training, experience, and knowledge of the investigation.

## AFFIANT BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") assigned to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. I have been in this position for more than seven years. During that time, I have investigated criminal cases relating to international terrorism, domestic terrorism, bomb threats, civil disturbances, and riots. In addition to my on-the-job experience, the FBI has provided me with extensive training in domestic terrorism and the techniques used to investigate allegations of domestic terrorism. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516 of Title 18, United States Code, including the TARGET OFFENSES defined below.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, witnesses, and agencies. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant. It does not set forth all of my knowledge, or the knowledge of others, about this matter.

5. Based on my training and experience and the facts as set forth in this affidavit, I respectfully submit that there is probable cause to believe that violations of 18 U.S.C. §§ 641, 2 (theft of government property and aiding and abetting theft of government property); 18 U.S.C. § 1752(a)(1) (entering or remaining in restricted buildings or grounds); 18 U.S.C. § 1752(a)(2) (disorderly and disruptive conduct in a restricted building or grounds); 40 U.S.C. § 5104(e)(2)(D) (disorderly or disruptive conduct in the Capitol Buildings); and 40 U.S.C. § 5104(e)(2)(G) (parading, demonstrating, or picketing in a Capitol Building) (the "TARGET OFFENSES") that

have been committed by Isabella Maria DeLuca ("DELUCA") and other identified and unidentified persons, including others who may have been aided and abetted by, or conspiring with, DELUCA, as well as others observed by DELUCA. There is also probable cause to search the TARGET DEVICE for the things described in Attachment B.

6. The TARGET DEVICE, *i.e.*, the property to be searched, is an Apple iPhone 14 Plus in a pink case with the phone number ▮▮▮▮5223. As described below, the TARGET DEVICE was owned, used, or controlled by DELUCA and seized incident to arrest in Irvine, California on March 15, 2024. The FBI then transported the TARGET DEVICE to Washington Field Office, which is the lead office handling the investigation of DELUCA's conduct on January 6, 2021. The TARGET DEVICE is currently in the possession of the FBI at the Washington Field Office, 601 4th Street NW, Washington, D.C. 20535.

## PROBABLE CAUSE

### A. Probable Cause Regarding the TARGET OFFENSES

6. On February 28, 2024, U.S. Magistrate Judge Robin M. Meriweather of the U.S. District Court for the District of Columbia found probable cause that DELUCA committed the TARGET OFFENSES and issued a warrant for DELUCA's arrest. *See United States v. DeLuca*, 24-mj-00074, ECF No. 1. The Statement of Facts submitted in support of the criminal complaint and arrest warrant is attached as Exhibit 1 and incorporated by reference.

7. As described in the Statement of Facts, DELUCA, among other things, (1) entered the restricted area around the U.S. Capitol; (2) recorded video and/or took photographs within the restricted area; (3) entered Senate Terrace Room 2 Mezzanine ("ST-2M") through a broken window on the Lower West Terrace of the U.S. Capitol; and (4) removed, and aided and abetted

3

other rioters in removing, a table from ST-2M and passing it to rioters outside through another broken window. This table was subsequently used to assault law enforcements officers guarding the Lower West Terrace Tunnel.

8. On February 28, 2024, Judge Meriweather also signed a Rule 41 search warrant for DELUCA's person and apartment in Washington, D.C., including any digital devices containing evidence of the TARGET OFFENSES.

9. Law enforcement subsequently determined, however, that DELUCA was staying with another individual in Irvine, California. While law enforcement investigated DELUCA's whereabouts, the search warrant expired on March 12, 2024.

10. The government re-submitted the search warrant with minor amendments and Judge Meriweather re-issued it on March 13, 2024. A copy of the re-issued search warrant and the affidavit submitted in support thereof is attached as Exhibit 2 and incorporated by reference.

11. On March 15, 2024, the FBI executed the search warrant at DELUCA's apartment, seizing two Apple iPhones (but not the TARGET DEVICE) which will be searched according to the protocol outlined in the search warrant.

12. The government respectfully seeks this warrant to search the TARGET DEVICE which was seized incident to arrest when DELUCA was arrested in Irvine, California on March 15, 2024.

**B. Seizure of the TARGET DEVICE**

13. To locate and arrest DELUCA, on March 1, 2024, the FBI obtained a search warrant for historical and prospective cell site location information on the TARGET DEVICE. The returns from T-Mobile revealed that DELUCA was in Irvine, California from on or about February 5,

2024 to February 6, 2024, when DELUCA returned to Washington, D.C. The data indicates that DELUCA traveled to the Irvine, California again on or around February 16, 2024.

14. The FBI learned from American Airlines that DELUCA flew from Los Angeles International Airport ("LAX") to Ronald Reagan Washington National Airport ("DCA") on February 6, 2024. DELUCA then traveled from DCA to LAX on February 16, 2024.

15. The FBI also learned that an individual named ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ booked travel through American Airlines with DELUCA, flying from John Wayne Airport ("SNA") to Phoenix Sky Harbor International Airport ("PHX") departing April 13, 2024 and returning April 13, 2024.

16. Based on additional investigation, the FBI discovered that ▮▮▮▮▮▮ resides at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, a multi-story apartment building, and has resided there for the last several years. ▮▮▮▮▮▮ used this address when booking the travel to Phoenix, Arizona through American Airlines. Law enforcement officers conducted a spot check on March 10, 2024, and saw ▮▮▮▮▮▮ at the apartment building.

17. Cell site location information from March 6, 2024 suggested that DELUCA traveled to Target Store T2128 located at 900 Spectrum Center Drive, Irvine, California 92618, which is approximately 1.2 miles from ▮▮▮▮▮▮ residence. The FBI reviewed surveillance footage from the store and observed DELUCA shopping there on March 6 around 7:33 p.m. PST.

18. On March 12, 2024, law enforcement agents again observed DELUCA shopping at the same Target store. They also observed her departing ▮▮▮▮▮▮ residence in the morning and returning there later in the afternoon.

5

19. Upon learning that DELUCA was staying with ███████ in California, the FBI planned to arrest DELUCA at the apartment on March 15, 2024. The plan included seizing any digital devices incident to arrest and transporting them back to Washington, D.C.

20. The government nonetheless decided, out of an abundance of caution, to obtain a search warrant for the TARGET DEVICE in the Central District of California. The government also sought warrants to search DELUCA's person and to search the premises where DELUCA was staying in the event she was arrested and left the TARGET DEVICE in the apartment. Those search warrants were substantially similar to the warrants submitted to, and signed by, Judge Meriweather on February 28 and March 13. The only material difference was additional information on DELUCA's travel to, and location in, California.[1]

21. On March 14, 2024, U.S. Magistrate Judge Autumn Spaeth of the U.S. District Court for the Central District of California denied the search warrants in their entirety without explanation.

22. On March 15, 2024, the FBI arrested DELUCA in a common area of the apartment building as she was retrieving a package. The TARGET DEVICE was seized incident to arrest and transported to FBI's Washington Field Office, where it is currently stored.

---

[1] The government can provide a copy of the search warrant applications submitted in the Central District of California if it would assist the Court in evaluating the instant application.

### C. Probable Cause that Evidence of the TARGET OFFENSES Will be Found on the TARGET DEVICE

23. Please see Exhibit 2 for additional detail about (i) how DELUCA used a digital device on January 6, 2021; (ii) what evidence a search of the TARGET DEVICE may yield; (iii) a history of the digital devices DELUCA has possessed since January 6, 2021; and (iv) technical terms, electronic storage, and methods to be used to forensically search digital devices. *See* Ex. 2 ¶¶ 41-62, 65-76, 79-83.

24. Since February 2021, DELUCA's cell phone number has been the "5223 Number." According to search warrant returns from Twitter, as of June 2022, DELUCA's Twitter account was associated with an Apple iPhone under the 5223 Number. Moreover, according to search warrant returns from Instagram, DELUCA's Instagram account was associated with an Apple iPhone under the 5223 Number. DELUCA also verified her Instagram account using the 5223 Number, meaning that the account holder responded to a text sent to the registered phone number. DELUCA's application to move into her apartment in Washington, D.C. also listed the 5223 Number under DELUCA's contact information.

25. Records recently subpoenaed from T-Mobile U.S., Inc. confirm that the 5223 Number is registered to DELUCA's mother and is still active. Beginning in or around October 2023, the 5223 Number was an Apple iPhone 14 Plus, matching the TARGET DEVICE.

26. As described in Exhibits 1 and 2, there is evidence that DELUCA possessed a mobile digital device while at the U.S. Capitol on January 6, 2021, using that device to record video and/or take photographs. There is also evidence that DELUCA used social media on that

7

device, including Instagram and Twitter, to communicate with others about travel to Washington, D.C., and the events at the U.S. Capitol on January 6, 2021.

27. Based on my training and experience, I know that when individuals acquire new cell phones, they commonly transfer data from their previous phone, including contact information, text messages, and photographs. Based on subpoenaed financial records, the FBI believes that DELUCA has an Apple iCloud account and pays for cloud storage, which would allow her to transfer data seamlessly from one Apple device to another, including the TARGET DEVICE. *See* Ex. 2, ¶ 70. Accordingly, there is probable cause to believe that this evidence was on digital devices and is likely to still be contained on the TARGET DEVICE.

28. As explained in Exhibit 2, I know that during searches of phones belonging to others arrested in connection to the January 6, 2021 riot on the U.S. Capitol, from early 2021 through present, in multiple jurisdictions, law enforcement has recovered evidence of their (and others') participation in criminal activity on January 6, 2021. *See* Ex. 2, ¶¶ 77-78. This has been the case when the phone recovered was not the same one used on January 6, 2021. For example, in December 2021, the home of a defendant in the Middle District of Florida was searched. During that search law enforcement recovered a cellphone that the defendant had obtained after January 6, 2021, replacing the cellphone he had used on January 6, 2021 (which had previously been seized by law enforcement). The replacement phone still contained the defendant's videos and texts from the riot at the U.S. Capitol on January 6, 2021.

## CONCLUSION

29. Based on the above, I submit that this affidavit supports probable cause for a warrant to search the TARGET DEVICE, as described in Attachment A, for the things described in Attachment B.

30. Based on the above, I request that the Court issue the proposed search warrant pursuant to Federal Rule of Criminal Procedure 41.

31. I further request that the Court permit the search warrant to be executed at any time given that the TARGET DEVICE is currently in the possession of the FBI.

Respectfully submitted,

Special Agent
Federal Bureau of Investigation

Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on March 21, 2024.

HON. G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE

9